UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOYCE LAVONNE SAMUELS AND<br>RICHARD SAMUELS | *<br>*<br>* | CIVIL ACTION NO.: |
| VERSUS | *<br>* | SECTION: |
| DOLLAR GENERAL CORPORATION,<br>DG ECOMMERCE, LLC, XYZ INSURANCE<br>COMPANY, ABC VENDOR COMPANY<br>AND ABC INSURANCE COMPANY | *<br>*<br>*<br>* | JUDGE:<br><br>MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**<u>NOTICE OF REMOVAL</u>**

NOW INTO COURT, through undersigned counsel, come Defendants, DG Louisiana, LLC, incorrectly referred to and improperly named in Plaintiff's Complaint as Dollar General Corporation and DG Ecommerce, LLC, Dollar General Corporation and DG Ecommerce, LLC who hereby remove this lawsuit to this Honorable Court, and aver the following:

**A.    Introduction**

I.

On or about March 16, 2020, Plaintiffs, Joyce Lavonne Samuels and Richard Samuels, filed a Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana entitled ''*Joyce Lavonne Samuels and Richard Samuels versus Dollar General Corporation et al,"* No. 2020-0000885, Div. "E".  Copies of Plaintiffs' Petition for Damages. and all process and proceedings served upon Defendants are attached hereto as Exhibit "A" as required by 28 U.S.C. §1446(a).

**B.     The Parties and Their Citizenship**

II.

Plaintiffs, Joyce Lavonne Samuels and Richard Samuels, are citizens of and domiciled in the State of Louisiana.

III.

Defendant, DG Louisiana, LLC is a foreign single member limited liability company organized under the laws of the State of Tennessee.

IV.

Defendant's, DG Louisiana, LLC, sole member is Dolgencorp LLC, a foreign limited liability company organized under the laws of the State of Kentucky. Dolgencorp LLC's sole member is Dollar General Corporation, a foreign corporation incorporated under the laws of the State of Tennessee, domiciled in the State of Tennessee and with its principal place of business in the State of Tennessee. Therefore, DG Louisiana is, in turn, a citizen of Tennessee.

V.

Plaintiffs' counsel has advised he has consented to and executed Motions to Dismiss Dollar General Corporation and DG Ecommerce, LLC from this matter as they are improper and incorrect defendants.  However, given that the Motions to Dismiss have not been filed with the state court at time of this filing, Dollar General Corporation and DG Ecommerce, LLC join in this removal. Additionally, written consent has been obtained from these Defendants to remove this action Exhibit "B".

VI.

Defendant, Dollar General Corporation, is a foreign corporation incorporated under the laws of the State of Tennessee, domiciled in the State of Tennessee and with its principal place

of business in the State of Tennessee. Therefore, Dollar General Corporation is, in turn, a citizen of Tennessee.

VII.

Defendant, DG Ecommerce, LLC, is a foreign single member limited liability company organized under the laws of the State of Tennessee. DG Ecommerce, LLC's sole member is Dollar General Corporation, a foreign corporation incorporated under the laws of the State of Tennessee, domiciled in the State of Tennessee and with its principal place of business in the State of Tennessee. Therefore, DG Ecommerce, LLC is, in turn, a citizen of Tennessee.

VIII.

Defendants, XYZ Insurance Company, ABC Vendor Company and ABC Insurance Company, are fictitious entities; therefore, pursuant to 28 U.S.C. §1441(b)(1), their citizenship is to be disregarded. "In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Also see *Oiler v. Biomet Orthopedics, Inc.*, 2003 WL 22174285 (E.D. La. 2003).

**C.     Basis for Diversity Jurisdiction**

IX.

This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based upon diversity of citizenship. Accordingly, removal is proper pursuant to 28 U.S.C. §1441(a).

X.

The following is a complete explanation of the basis for diversity jurisdiction:

    a.     Complete Diversity Exists Between the Parties: There is complete diversity between the parties, as the plaintiffs are citizens of the State of Louisiana and

      Defendants, DG Louisiana, LLC, Dollar General Corporation and DG Ecommerce, LLC, including their constituent member and its member, are domiciled/incorporated and have principal places of business in states other than Louisiana.

b.    Jurisdictional Amount:

     1)    Pursuant to 28 U.S.C §1332(a), the jurisdictional amount in a diversity case is $75,000.00, exclusive of interest and costs.

     2)    When, in alleged diversity cases, the plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds the jurisdictional amount. Defendant can carry this burden by showing that it is facially apparent that the claims will exceed the jurisdiction amount, or by setting forth facts in controversy, in the removal petition or by affidavit or other summary type evidence that support a finding of the requisite amount. *Allen v. J.C. Penny,* 2000 WL 381935 (E.D. La. 2000).

     3)    If a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332 jurisdictional threshold, that Louisiana case will then resemble any other amount-in-controversy case, bringing into play the foundational rule of removal jurisdiction: The plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not

      exceed $75,000.00.  *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

4)     The Plaintiff, Joyce Lavonne Samuels, alleges that she tripped and fell over a pallet at a Dollar General store located at 53444 Highway 40 located inside the city limits of Loranger, Louisiana.

5)     The Plaintiff further generally alleges that as a result of the accident she sustained severe and debilitating injuries without further description or specificity.  Also, the Plaintiff generally claims to have suffered past, present and future physical pain and suffering, past, present and future mental pain, anguish and emotional distress, past, present and future medical expenses and loss of earning capacity and lost wages.

6)     Although it was not initially apparent from Plaintiffs' Petition for Damages that the jurisdictional amount was met, on April 3, 2020 Plaintiffs' counsel produced a portion of the Plaintiff's medical records via regular mail on a flash drive which was received by Defendant's counsel on April 7, 2020. The attached medical records, make it clear that the Plaintiffs seek damages in excess of $75,000.00 exclusive of interest and costs Exhibit "C."

7)     In summary, the medical records reflect that it is alleged that the Plaintiff has suffered a femur fracture, a right displaced humerus fracture and right proximal ulna avulsion fracture.  The Plaintiff underwent surgery for these injuries and, according to Plaintiff's counsel, she is scheduled for a second surgery for her shoulder on May 8, 2020 or sometime thereafter.

    8)     Here, it is clear from the Plaintiff's recently produced medical records that the claims are above the jurisdictional amount because of the alleged injuries suffered by plaintiff and corresponding medical treatment.

    9)     Conclusion: Since the elements of complete diversity and jurisdictional amount are met, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

**D.     Removal is Timely and Proper to this Court**

XI.

This Notice is timely under the provisions of 28 U.S.C. §1446(b)(3) and (c)(3)(A) and Fed. Rule of Civ. Pro.6 because it was filed within 30 days of receipt of "other paper", Plaintiff's medical records, by the Defendant DG Louisiana, LLC on April 7, 2020.

XII.

The 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana is located within the jurisdiction of the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. §1441(a) because it is the district and division embracing the place where such action in pending.

XIII.

Copies of this Notice of Removal are being served on opposing counsel and being filed with the Clerk of Court of the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana.

XIV.

Based on the foregoing, this Court has removal jurisdiction over this action based on diversity pursuant to 28 U.S.C. §1332 and §1441(a).

WHEREFORE, Defendants, DG Louisiana, LLC, incorrectly referred to and improperly named in Plaintiffs' Complaint as Dollar General Corporation and DG Ecommerce, LLC, Dollar General Corporation and DG Ecommerce, LLC hereby remove the above action, now pending against it in the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana to the United States District Court for the Eastern District of Louisiana.

Respectfully Submitted:

**COURINGTON, KIEFER, SOMMERS, MARULLO & MATHERNE L.L.C.**

*/s/ Daniel R. Estrada*
KAYE N. COURINGTON (LSBA #18582)
DANIEL R. ESTRADA (LSBA # 26632) T.A.
STEVEN M. LOZES (LSBA #8922)
616 Girod Street
New Orleans, LA  70130
Telephone:  (504) 524-5510
Facsimile: (504) 524-7887
kcourington@courington-law.com
destrada@courington-law.com
slozes@courington-law.com
**ATTORNEYS FOR DEFENDANTS, DG LOUISIANA, LLC, DOLLAR GENERAL CORPORATION AND DG ECOMMERCE, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties herein by depositing same in the United States mail, postage prepaid, or via telefax transmission, this 1st  day of May, 2020.

*/s/ Daniel R. Estrada*